Filed 4/2/13  P. .v Jackson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BERNARD JACKSON,<br><br>    Defendant and Appellant. | B239857<br><br>(Los Angeles County<br>Super. Ct. No. MA053381) |

THE COURT:[*]

Appellant Bernard Jackson (Jackson) appeals from his conviction following a plea of no contest on two counts of resisting an executive officer in violation of Penal Code section 69.[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and advised us that he could not identify any appellate issues. Subsequently, on August 20, 2012, we notified Jackson that he had 30 days within which to identify any issues he wishes us to consider.  He filed a supplemental brief on September 19, 2012.  Soon after, his attorney filed a motion to augment the record on appeal to include the reporter's transcript from the hearings on September 29, 2011,

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

October 21, 2011, and October 31, 2011. We granted that motion. Jackson filed a second supplemental brief on January 14, 2013.

The probation report indicates that on July 11, 2011, Jackson attended a family gathering at his mother's home. He was supposed to leave and spend the night elsewhere. After he left, his mother locked all the doors. Jackson then returned and kicked in the back door. He held a sword and stood in a threatening manner. His mother called local emergency services. Sheriff's deputies responded to the scene. Jackson turned over the sword. But then, while he was being searched, he became angry and aggressive. He broke away and stood in a combative stance. He told the deputies, "Let's go, just fucking shoot me[,] man." The deputies used a taser on Jackson. He tried to run away four times.

In case No. MA053381, Jackson was charged with five counts of resisting an executive officer (§ 69) (counts 1-5); one count of exhibiting a deadly weapon (§ 417, subd. (a)) (count 6); and one count of vandalism under $400 (§ 594, subd. (a)) (count 7). As to counts 1-5, it was alleged that Jackson suffered four prior convictions of serious or violent felonies within the meaning of section 1170.12, subdivisions (a) through (d) and section 667, subdivision (b) through (i). Also, he suffered a prior prison term pursuant to section 667.5, subdivision (b).

On September 27, 2011, Jackson appeared for a hearing. Judge Hayden Zacky informed Jackson that he had been sentenced to three years in state prison in case No. LA066717, but execution of the sentence was suspended and he was on probation. Because of case No. MA053381, the three-year sentence in case No. LA066717 would have to be imposed. The district attorney made the following offer. If Jackson pleaded to one of the felony counts in case No. MA053381 and admitted a strike prior, he would receive 32 months in state prison. The three years for case No. LA066717 would be imposed but run concurrently. Jackson said he did not want to take the deal. The trial court asked defense counsel, Lyall Beggs, if he was ready for trial. Mr. Beggs said he was waiting for discovery of a use of force videotape. Judge Zacky then asked if Jackson would waive his speedy trial rights. He said he did not want to. He made an oral motion

2

pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to relieve Mr. Beggs as counsel. According to Jackson, Mr. Beggs called him a "nigger" and they had an extreme conflict of interest. Judge Zacky held a hearing and denied the motion. Once again, Judge Zacky asked if Jackson would waive his speedy trial rights. Jackson said no.

On September 29, 2011, Mr. Beggs said he asked the sheriff's department for the videotape and was told to file a motion. Judge Zacky said he would have to hold a hearing and it would take a while. He asked Jackson if he would waive time so his lawyer could have the videotape at trial. According to Judge Zacky, the videotape could exonerate Jackson. Jackson said he would not agree to waive time. Judge Zacky made a finding of good cause to continue the last day for trial. He said that October 28, 2011, would be the last day. On October 21, 2011, Mr. Beggs indicated that he had filed a motion to obtain the videotape from the sheriff's department. To have time for the motion to be heard, he asked for a good cause continuance of the last day for trial. Judge Zacky granted it. As a consequence, the last day for trial was continued to November 18, 2011. But then Judge Zacky reconsidered in light of Jackson's objection. Ultimately, Jackson waived time until 10 days from October 31, 2011, so the district attorney's office could consider a counteroffer made by Jackson for a plea agreement.

On November 1, 2011, Jackson made a second oral *Marsden* motion to relieve Mr. Beggs as counsel. As before, the motion was denied.

On November 7, 2011, Jackson appeared in case No. MA053381 and case No. LA066717 before Judge Charles A. Chung. Judge Chung told Jackson that the district attorney's office was offering three years on case No. MA053381 and to strike every strike. Jackson would be eligible to earn good time/work time credits. If Jackson rejected the offer, the district attorney's office would proceed on all the strikes. As a result, Jackson was facing 25 years to life on each of the five felony counts, which meant that he was facing a total of 125 years to life plus more time on prison priors. Judge Chung said that the county-wide conviction rate was about 85 percent on felonies, and that the rate tended to be higher in Lancaster, which was where the trial would be. He

3

asked if Jackson wanted to take the deal. Jackson said that he did not. But after speaking to Mr. Beggs, Jackson changed his mind and accepted. Judge Chung clarified that Jackson would plead no contest to count 1 and 2.

Judge Chung ordered Jackson to serve the previously imposed three-year term in case No. LA066717. On case No. MA053381, Judge Chung sentenced Jackson to three years for count 1 and three years for count 2. The sentences for all of the cases were ordered to run concurrent. Finally, Jackson was given total credit of 242 days.

Jackson filed a motion to vacate his plea. He was represented by Leo B. Newton. According to the motion, Jackson was intimidated into accepting the plea agreement when Judge Chung identified the maximum exposure and provided statistical information about convictions in felony matters in Los Angeles County and Lancaster. In addition, Jackson claimed that he accepted the plea agreement because Mr. Beggs said that he had done nothing to prepare for a jury trial in the case. The motion was denied.

Jackson requested a certificate of probable cause to challenge the denial of his motion to vacate his plea. Judge Chung signed the certificate of probable cause. Jackson filed a notice of appeal on March 8, 2012, indicating that he was challenging the validity of his plea. On April 10, 2012, Jackson filed an amended notice of appeal in which he stated that the appeal challenged the validity of the plea, and that it was also based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. He obtained a certificate of probable cause to challenge the denial of the motion to withdraw plea, Judge Chung's failure to provide presentence credit that Jackson earned in case No. LA066717, Judge Zacky's denial of Jackson's speedy trial rights, and Judge Zacky's denial of the *Marsden* motions.

According to Jackson, he is entitled to reversal because he received ineffective assistance of counsel from Mr. Beggs and Mr. Newton; Judge Zacky was biased; Judge Zacky violated his right to a speedy trial; Judge Chung coerced the plea; and the prosecutor withheld evidence.

Neither the record nor Jackson's arguments demonstrate the existence of any cognizable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>